Cozen O'Connor
Attorneys for Plaintiff
John B. Galligan, Esquire (JG-1589)
45 Broadway, 16th Floor
New York, New York 10006
(212) 509-9400

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

09 CIV 8357

------------------------------------------------------------X

AMERICAN GUARANTEE AND LIABILITY : 
INSURANCE COMPANY as subrogee of : CIVIL ACTION NO:
Belaire Condominium and :
Hospital for Special Surgery :
1400 American Lane :
Schaumburg, Illinois 60196 :

and :

FIREMAN'S FUND INSURANCE COMPANY :
as subrogee of ARTHUR SKODNEK, :
IRIS R. DANKER, CAROL HIGGINS CLARK : COMPLAINT
and LARRY W. ROSENTHAL :
777 Marin Drive :
Novato, California 94998 :

                        Plaintiffs :

    v.                              : JURY TRIAL DEMANDED

CIRRUS DESIGN CORPORATION :
4515 Taylor Circle :
Duluth, Minnesota 55811 :

                        Defendant :

------------------------------------------------------------X

RECEIVED OCT 02 2009 U.S.D.C. S.D.N.Y. CASHIERS

## COMPLAINT

Plaintiff, American Guarantee and Liability Insurance Company a/s/o The Belaire Condominium and the Hospital for Special Surgery, and Plaintiff, Fireman's Fund Insurance Company a/s/o Arthur Skodnek, Iris R. Danker, Carol Higgins Clark and Larry W. Rosenthal, by

and through their attorneys, Cozen O'Connor, upon information and belief, hereby allege the following:

## PARTIES

1. Plaintiff, American Guarantee and Liability Insurance Company ("AGLIC"), is a New York Corporation, with its principal place of business located at 1400 American Lane, Schaumburg, Illinois, and at all times material hereto was authorized to issue insurance policies in the State of New York.

2. At all times material hereto, AGLIC's insured, Belaire Condominium ("plaintiff AGLIC's insured" or "Belaire"), was a mixed-use high-rise condominium apartment building located at 524 E. 72nd Street, New York, New York ("the subject premises".)

3. At all times material hereto, AGLIC's insured, the Hospital for Special Surgery (hereinafter "plaintiff AGLIC's insured" or "Hospital"), was a hospital specializing in orthopedic surgery and the treatment of rheumatologic conditions located at 535 East 70th Street, New York, New York along with a portion located within "the subject premises".

4. Plaintiff, Fireman's Fund Insurance Company ("FFIC") is a citizen of, and a corporation duly organized and existing under the laws of the State of California with a principal place of business at 777 Marin Drive, Novato, California. At all times material hereto Fireman's Fund was duly authorized to issue policies of insurance in the State of New York.

5. At all times material hereto, FFIC insured the following residents of the subject premises: Arthur Skodnek ("Skodnek"), Unit PH 1, 43rd Floor, 524 72nd Street, New York, NY; Iris R. Danker ("Danker"), Units C, D and E, 32nd Floor, 524 72nd Street, New York, New York;

Carol Higgins Clark ("Clark"), Units D, E and F, 38th Floor, 524 72nd Street, New York, New York; and Lawrence W. Rosenthal ("Rosenthal"), Units A and B, 43rd Floor, 524 72nd Street, New York, New York ("plaintiff's insureds".)

6. Defendant, Cirrus Design Corporation ("Cirrus"), upon information and belief, is a Wisconsin corporation with its principal place of business located at 4515 Taylor Circle, Duluth, Minnesota 55811 and at all times material hereto was engaged in the business of, *inter alia*, designing, engineering, manufacturing, marketing, selling, leasing and distributing aircraft for personal use including, but not limited to, the model SR-20.

## JURISDICTION AND VENUE

7. Jurisdiction is invoked under the provisions of 28 U.S.C. §1332 as this is an action between citizens of different states.

8. The amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-five Thousand ($75,000.00) Dollars.

9. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

10. At all times material hereto, AGLIC provided property insurance coverage under policy No. MLP9375438-01 (hereinafter "subject policy for Belaire") to Belaire insuring its real and personal property at the subject premises.

11. At all times material hereto, AGLIC provided property insurance coverage under policy No. ZMD 3518764-06 ("subject policy for the Hospital") to the Hospital insuring its real and personal property at the subject premises.

12. At all times material hereto, FFIC provided property insurance coverage under policy No. NZG 02814830 ("subject policy for Skodnek") to Skodnek insuring his real and personal property at the subject premises.

13. At all times material hereto, FFIC provided property insurance coverage under policy No. NZB 03633632 ("subject policy for Danker") to Danker insuring her real and personal property at the subject premises.

14. At all times material hereto, FFIC provided property insurance coverage under policy No. NZC 02313026 ("subject policy for Clark") to Clark insuring her real and personal property at the subject premises.

15. At all times material hereto, FFIC provided property insurance coverage under policy No. NZQ 00468873 ("subject policy for Rosenthal") to Rosenthal insuring his real and personal property at the subject premises.

16. Prior to October 11, 2006, Cirrus designed, engineered, manufactured, marketed, and distributed aircraft for personal use including, but not limited to, the 2002 model SR-20.

17. Prior to October 11, 2006, Cirrus designed, engineered, manufactured, marketed, leased, sold and distributed a 2002 model SR-20 aircraft bearing serial number 1230, Model S Code 53157717 with tail number N929CD ("the subject aircraft").

18. On or about October 11, 2006, the subject aircraft collided with the subject premises causing extensive and significant damage to the subject premises and property of plaintiffs' insureds ("the incident").

19. The extensive and significant damage caused by the collision of the subject aircraft with the subject premises also extended to businesses and residential properties contained within the subject premises.

20. Pursuant to the terms and conditions of the subject AGLIC insurance policy to Belaire, AGLIC made payments to Belaire for the damages so sustained, in an amount of EIGHT MILLION, THREE HUNDRED TWELVE THOUSAND, TWENTY-TWO DOLLARS AND EIGHTY-EIGHT CENTS ($8,312,022.88).

21. Pursuant to the terms and conditions of the subject AGLIC insurance policy to the Hospital, AGLIC made payments to the Hospital for the damages so sustained, in an amount in excess of NINE HUNDRED EIGHTY-EIGHT THOUSAND, FOUR HUNDRED THIRTY-SIX DOLLARS AND TWENTY-TWO CENTS ($988,436.22).

22. Pursuant to the terms and conditions of the subject FFIC insurance policy to Skodnek, FFIC made payments to Skodnek in an amount of THREE HUNDRED AND FOUR THOUSAND, THREE HUNDRED SIXTY-TWO DOLLARS AND FIFTY-TWO CENTS ($304,362.52).

23. Pursuant to the terms and conditions of the subject FFIC insurance policy to Danker, FFIC made payments to Danker in an amount of FORTY-NINE THOUSAND, SEVEN HUNDRED FORTY DOLLARS AND ZERO CENTS ($49,740.00).

24. Pursuant to the terms and conditions of the subject FFIC insurance policy to Clark, FFIC made payments to Danker in an amount of FORTY THOUSAND, THREE HUNDRED SEVENTY-SIX DOLLARS AND THIRTY-SEVEN CENTS ($40,376.37).

25. Pursuant to the terms and conditions of the subject FFIC insurance policy to Rosenthal, FFIC made payments to Rosenthal in an amount of ONE MILLION, SIX HUNDRED SIXTY-FIVE THOUSAND, FOUR HUNDRED FOURTEEN DOLLARS AND FOURTEEN CENTS ($1,665,414.14).

26. In accordance with the common law principles of legal and equitable subrogation, AGLIC is subrogated to the rights of its insureds with respect to the damages compensable under the policy.

27. In accordance with the common law principles of legal and equitable subrogation, FFIC is subrogated to the rights of its insureds with respect to the damages compensable under the policy.

## COUNT I

### PLAINTIFF AGLIC a/s/o BELAIRE CONDOMINIUM and THE HOSPITAL FOR SPECIAL SURGERY v. DEFENDANT CIRRUS DESIGN CORPORATION

### NEGLIGENCE

28. AGLIC incorporates by reference the allegations set forth in the above paragraphs as if the same were fully set forth at length herein.

29. The damages sustained in this loss were the direct result of the negligence, carelessness and negligent acts and omissions of defendant Cirrus, its agents, servants and/or employees acting within the scope or course of their employment in:

   a) manufacturing, designing, engineering, distributing, servicing and/or supplying the subject aircraft and its component parts in a defective and unreasonably dangerous condition;

 b) failing to properly and adequately test, inspect, repair and maintain the subject aircraft and its components in such a way so as to prevent the incident and resulting damages;

 c) failing to discover the defect(s) in the subject aircraft;

 d) failing to exercise the requisite degree of care and caution in the manufacture, engineering, designing, testing, servicing, and/or distribution of the subject aircraft;

 e) failing to warn consumers of the defect(s) in the subject aircraft when defendant knew or should have known of the defect(s) and that they constituted a danger; and

 f) failing to properly select, hire, supervise and/or direct the activities of any and all employees, agents, and subcontractors involved in the design, engineering, inspecting and manufacture of the subject aircraft and its components;

 g) failing to equip the subject aircraft and its component and accessory parts with adequate and properly functioning controls, components and other regulatory and/or safety devices so as to insure the safe use of the product; and

 h) such other further negligent acts and omissions that may be revealed during discovery.

30. Pursuant to the terms and conditions of the subject insurance policies, AGLIC made payments to its insureds Belaire Condominium and the Hospital for Special Surgeries for the damages so sustained, in the amount of NINE MILLION, THREE HUNDRED THOUSAND, FOUR HUNDRED FIFTY-NINE DOLLARS AND TEN CENTS ($9,300,459.10).

31. In accordance with the common law principles of legal and equitable subrogation, AGLIC is subrogated to the rights of its insureds with respect to the damages compensable under the policies.

WHEREFORE, Plaintiff, American Guarantee and Liability Insurance Company a/s/o Belaire Condominium and the Hospital for Special Surgery, demands judgment in its favor and

against defendant, Cirrus Design Corporation, in an amount of NINE MILLION, THREE HUNDRED THOUSAND, FOUR HUNDRED FIFTY-NINE DOLLARS AND TEN CENTS ($9,300,459.10) together with interest and costs of this action.

## COUNT II

### PLAINTIFF AGLIC a/s/o BELAIRE CONDOMINIUM and THE HOSPITAL FOR SPECIAL SURGERY v. DEFENDANT CIRRUS DESIGN CORPORATION

### STRICT PRODUCTS LIABILITY

32. AGLIC incorporates by reference the allegations set forth in the above paragraphs as if the same were fully set forth at length herein.

33. The subject incident and the resulting damage and destruction to the real and personal property of AGLIC's insureds was caused by the defendant's actions and/or inactions for which it is strictly liable under §402A of the Restatement of Torts, 2d., in:

   a) designing, manufacturing, distributing and selling the subject aircraft in a defective condition, unreasonably dangerous to the property of AGLIC's insureds;

   b) allowing a dangerous conditions to exist in the subject aircraft by failing to adequately and properly inspect and/or test the subject aircraft to discover the defects therein; and

   c) designing, manufacturing, distributing, selling and/or supplying the subject aircraft without adequate warnings and instructions.

34. As a direct and proximate result of the aforesaid conduct, the subject aircraft crash and fire occurred and resulted in damage and destruction to the real and personal property of plaintiff AGLIC's insureds in the amount of $9,300,459.10.

WHEREFORE, Plaintiff, American Guarantee and Liability Insurance Company a/s/o Belaire Condominium and the Hospital for Special Surgery, demands judgment in its favor and against defendant, Cirrus Design Corporation, in an amount of NINE MILLION, THREE HUNDRED THOUSAND, FOUR HUNDRED FIFTY-NINE DOLLARS AND TEN CENTS ($9,300,459.10) together with interest and costs of this action.

## COUNT III

## PLAINTIFF FFIC a/s/o SKODNEK, DANKER, CLARK AND ROSENTHAL v. DEFENDANT CIRRUS DESIGN CORPORATION

### NEGLIGENCE

35.     FFIC incorporates by reference the allegations set forth in the above paragraphs as if the same were fully set forth at length herein.

36.     The damages sustained in this loss were the direct result of the negligence, carelessness and negligent acts and omissions of defendant Cirrus, its agents, servants and/or employees acting within the scope or course of their employment in:

   a)   manufacturing, designing, engineering, distributing, servicing and/or supplying the subject aircraft and its component parts in a defective and unreasonably dangerous condition;

   b)   failing to properly and adequately test, inspect, repair and maintain the subject aircraft and its components in such a way so as to prevent the incident and resulting damages;

   c)   failing to discover the defect(s) in the subject aircraft;

   d)   failing to exercise the requisite degree of care and caution in the manufacture, engineering, designing, testing, servicing, and/or distribution of the subject aircraft;

9

e) failing to warn consumers of the defect(s) in the subject aircraft when defendant knew or should have known of the defect(s) and that they constituted a danger; and

f) failing to properly select, hire, supervise and/or direct the activities of any and all employees, agents, and subcontractors involved in the design, engineering, inspecting and manufacture of the subject aircraft and its components;

g) failing to equip the subject aircraft and its component and accessory parts with adequate and properly functioning controls, components and other regulatory and/or safety devices so as to insure the safe use of the product; and

h) such other further negligent acts and omissions that may be revealed during discovery.

37. Pursuant to the terms and conditions of the subject insurance policies, FFIC made payments to its insureds Arthur Skodnek, Iris R. Danker, Carol Higgins Clark and Larry W. Rosenthal for the damages so sustained, in the amount of TWO MILLION, FIFTY-NINE THOUSAND, EIGHT HUNDRED NINETY-THREE DOLLARS AND THREE CENTS ($2,059,893.03).

38. In accordance with the common law principles of legal and equitable subrogation, FFIC is subrogated to the rights of its insureds with respect to the damages compensable under the policies.

WHEREFORE, Fireman's Fund Insurance Company, a/s/o Arthur Skodnek, Iris R. Danker, Carol Higgins Clark and Larry W. Rosenthal, demands judgment in their favor and against defendant, Cirrus Design Corporation, in an amount of TWO MILLION, FIFTY-NINE THOUSAND, EIGHT HUNDRED NINETY-THREE DOLLARS AND THREE CENTS ($2,059,893.03) together with interest and costs of this action.

## COUNT IV

## PLAINTIFF FFIC a/s/o SKODNEK, DANKER, CLARK AND ROSENTHAL v. DEFENDANT CIRRUS DESIGN CORPORATION

## STRICT PRODUCTS LIABILITY

39. FFIC incorporates by reference the allegations set forth in the above paragraphs as if the same were fully set forth at length herein.

40. The subject incident and the resulting damage and destruction to the real and personal property of FFIC's insureds was caused by the defendant's actions and/or inactions for which it is strictly liable under §402A of the Restatement of Torts, 2d., in:

   a) designing, manufacturing, distributing and selling the subject aircraft in a defective condition, unreasonably dangerous to the property of AGLIC's insureds;

   b) allowing a dangerous conditions to exist in the subject aircraft by failing to adequately and properly inspect and/or test the subject aircraft to discover the defects therein; and designing, manufacturing, distributing, selling and/or supplying the subject aircraft without adequate warnings and instructions.

41. As a direct and proximate result of the aforesaid conduct, the subject aircraft crash and fire occurred and resulted in damage and destruction to the real and personal property of plaintiff FFIC's insureds in the amount of $2,059,893.03.

WHEREFORE, Fireman's Fund Insurance Company, a/s/o Arthur Skodnek, Iris R. Danker, Carol Higgins Clark and Larry W. Rosenthal, demands judgment in their favor and against defendant, Cirrus Design Corporation, in an amount of TWO MILLION, FIFTY-NINE THOUSAND, EIGHT HUNDRED NINETY-THREE DOLLARS AND THREE CENTS ($2,059,893.03) together with interest and costs of this action.

Dated: October 1, 2009
New York, New York

Respectfully submitted,

COZEN O'CONNOR

BY: _____
John B. Galligan, Esq. (JG-1589)
45 Broadway, 16th Floor
New York, New York 10006
*Attorneys for Plaintiffs,
American Guarantee and Liability
Insurance Company a/s/o Belaire
Condominium and The Hospital for Special
Surgery; and Fireman's Fund Insurance
Company a/s/o Arthur Skodnek, Iris R.
Danker, Carol Higgins Clark and Larry W.
Rosenthal*

CO-COUNSEL:
Mark Mullen, Esq.
Michael Izzo, Esq.
COZEN O'CONNOR
1900 Market Street
The Atrium, Third Floor
Philadelphia, Pennsylvania 19103
(215) 665-2091

NEWYORK_DOWNTOWN\2154191\1  193989.000